UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| RALPH VANDYKE and ANNETTE VANDYKE, individuals,<br><br>    Plaintiffs,<br><br> v.<br><br>RIAN WINDSHEIMER, an individual,<br>GEORGE GLEASSON, an individual,<br>KEITH BENJAMIN, an individual, DAVID<br>BROWN, an individual, DAVID BACON, an<br>individual, PAUL SCARLETT, an individual<br>CALEB STEPHENS, an individual,<br><br>    Defendants. | Case No. 3:25-cv-01488-AR<br><br>**OPINION AND ORDER** |

**ARMISTEAD, United States Magistrate Judge**

This case arises from a condemnation proceeding initiated by the Oregon Department of

Transportation (ODOT) against plaintiffs Ralph and Annette VanDyke.[1] The VanDykes allege

that defendants, Rian Windsheimer, George Gleasson, Keith Benjamin, David Brown, David

---

[1]  The parties request oral argument. The court, however, does not believe that oral argument would help resolve the pending motion. *See* LR 7-1(d)(1).

Bacon, Paul Scarlett, and Caleb Stephens, who are managers at ODOT,  refused to update a prelitigation offer after they informed defendants that the offer contained erroneous information about an easement affecting the value of their property. According to the VanDykes, defendants were required to update the offered amount under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (Uniform Act), 42 U.S.C. § 4602(a), and its implementing regulation 49 C.F.R. § 24.102(g). In this § 1983 action, the VanDykes allege that defendants violated their due process rights by refusing to comply with the Uniform Act.

Defendants argue that, at bottom, the VanDykes seek additional compensation for their condemned property—an issue that was resolved in the state court condemnation litigation and is on appeal. Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(6), contending that this litigation is barred by claim-splitting, *Rooker-Feldman*, and Eleventh Amendment sovereign immunity, and, alternatively, that the VanDykes have failed to plead a viable due process claim. As explained below, defendants' motion is GRANTED.

## BACKGROUND

The court construes as true the factual allegations of the VanDykes' complaint. *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022). In 2022, the State of Oregon and the City of Hood River, through an intergovernmental agreement (IGA), began a right-of-way improvement project at the intersection of Cascade Avenue (also known as State Highway 30) and Rand Road. ODOT would construct the project, and it would be paid for with federal and state funding. (Compl. ¶ 28.)

The VanDykes own property near the project consisting of three tax lots: Tax Lot 101, Tax Lot 102, and Tax Lot 202. Before the right of way project, Tax Lot 101 had its own driveway

Page 2 – OPINION AND ORDER
*VanDyke v. Windsheimer*, 3:25-cv-01488-AR

for ingress and egress to Cascade Avenue. To complete the project, ODOT sought to acquire 101 square feet of the driveway for Tax Lot 101. In other words, ODOT's taking would permanently close the Tax Lot 101's driveway along Cascade Avenue.[2] (Compl. ¶¶ 18, 20, 22-23, 26.) The property is depicted below:



(Compl. ¶ 23.)

---

[2]    ODOT's acquisition also included a temporary construction easement that consisted of a larger portion of the same driveway (approximately 307 square feet), and construction of a sidewalk. The VanDykes do not present arguments about the temporary construction easement or sidewalk. (Boyd Decl., ECF 8 at 17.)

Page 3 – OPINION AND ORDER
*VanDyke v. Windsheimer*, 3:25-cv-01488-AR

The VanDykes' property previously benefitted from a nonexclusive easement that provided access to and from Rand Road that crossed a portion of the neighboring property (the 2727 Property). In other words, that easement provided Tax Lot 101 with ingress and egress via Rand Road. The previous owners of the VanDykes' property, on July 6, 1990, recorded a quitclaim deed that extinguished the easement. (Compl. ¶¶ 31-32.)

On May 6, 2022, defendant Brown, ODOT's Region 4 Right of Way and Survey Manager, sent the VanDykes a 40-day prelitigation offer required by ORS § 35.346.[3] The prelitigation offer included an appraisal report stating that the fair market value for ODOT's acquisitions was $3,400. That value was based on a preliminary title report that, in the VanDykes' view, incorrectly provided that their property still benefited from the easement. According to the VanDykes, the appraisal minimized the takings' effect because the acquisition "closed the sole point of direct ingress or egress from Tax Lot 101 to the public right of way." Based on the inaccurate assumption that the easement remained, the VanDykes contend, the appraisal concluded that access remained reasonable and would allow "for the continued highest and best use as improved and as vacant." (Compl. at ¶ 34.)

About two months later, the VanDykes emailed Brown a copy of the quitclaim deed, explaining that it extinguished the easement. Brown responded that he disagreed, relying on information from a title officer who stated that the quitclaim deed did not extinguish the

---

[3]    ORS § 35.346(1) provides: "At least 40 days before the filing of any action for condemnation of property or any interest in property, the condemner shall make a written offer to the owner or party having an interest to purchase the property or interest, and to pay just compensation therefor and for any compensable damages to remaining property."

easement, and he refused to change or modify the prelitigation offer. The VanDykes refused the $3,400 prelitigation offer. (Compl. ¶¶ 36-38.)

ODOT filed the condemnation action in Hood River County Circuit Court on September 21, 2022. On September 13, 2024, the VanDykes moved for summary judgment under ORS § 35.346, contending that the pre-filing offer was deficient because it falsely relied on the easement benefiting Tax Lot 101.[4] In response, ODOT did not dispute that the 1990 quitclaim deed extinguished the easement and instead contended that the easement was recreated in the 1997 land sale contract through which the VanDykes purchased the property. (Compl. at ¶¶ 39-40, 42.)

On January 30, 2025, the state court denied the VanDykes' motion, concluding that the terms of the prelitigation offer matched the assumptions on which the offered amount was calculated and that no violation of ORS § 35.346 occurred. (Compl. ¶ 45.) After the summary judgment motion was denied, the parties reached a settlement that preserved the VanDykes' right to appeal, and the state court entered judgment in ODOT's favor on April 15, 2026. (Mot. Judicial Notice, ECF 20 at 5.) The VanDykes have appealed. *State v. VanDyke et al.*, A189489 (Or. Ct. App. Dec. 23, 2025); *State v. VanDyke et al.*, 22CV32384 (Hood River Cnty. Cir. Ct. 2025).

---

[4]     A party may challenge a prelitigation offer asserting it is based on factual deficiency or inaccuracy through what is known as a *Singh* challenge. *State ex rel. Dep't of Transp. v. Singh, 257 Or. App. 322, 327-32 (2013)* (explaining that ORS § 35.346(1) requires that the terms of a prelitigation offer and the valuation of the acquisition must be based on the same terms).

In this § 1983 lawsuit, the VanDykes argue that the Uniform Act required defendants to update the appraisal and re-establish just compensation when they provided information that the easement no longer benefited their property. Defendants violated their substantive due process rights guaranteed by the Fifth and Fourteenth Amendments, in the VanDykes' view, when they failed to comply with the Uniform Act. The VanDykes ask the court to enjoin the state court condemnation action, declare that defendants' continued prosecution of that action violates their constitutional rights, and to require defendants to make a new offer of compensation that complies with the Uniform Act and its implementing regulation, 49 C.F.R. § 24.102(g). (Compl. at 17-18.)

**LEGAL STANDARDS**

A court will grant a Rule 12(b)(6) motion to dismiss for failure to state a claim when no cognizable legal theory supports the claim or when the complaint is without sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To survive a motion to dismiss under a cognizable legal theory, a complaint "must contain sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true[.]" (citation modified)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## PRELIMINARY MATTER

A district court may not consider material outside the pleadings when it assesses the sufficiency of a complaint under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). But that rule has two exceptions: the incorporation-by-reference doctrine and judicial notice under Federal Rule of Evidence 201. *Id.* The court previously took judicial notice of a December 3, 2025 General Judgment entered by Hood River County Circuit Court in the condemnation action. (Order, ECF 21.) Defendants now request that the court take judicial notice of an April 15, 2026 Order and Supplemental Judgment denying attorney fees and expenses entered by Hood River County Circuit Court in the condemnation action. (Mot. Jud. Notice, ECF 24.)

Rule 201(b)(2) permits judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Thus, federal courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The VanDykes have taken "no position" on defendants' motion. Because the state court records directly relate to the matters at issue and their authenticity is not subject to reasonable dispute, the court takes judicial notice of them. FED. R. EVID. 201(b); *Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1186 (9th Cir. 2024) (taking judicial notice of state court docket); *United States v. Aguilar*, 782 F.3d 1101, 1103 n.1 (9th Cir. 2015) (concluding that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). Accordingly, defendants' motion (ECF 24) is GRANTED.

**DISCUSSION**

Defendants move to dismiss, contending that the VanDykes' action is a collateral attack on the state court's judgment in the condemnation action. According to defendants, various doctrines prevent the court from exercising jurisdiction, including claim splitting, *Rooker-Feldman*, and Eleventh Amendment immunity.[5] Even if the court were to reach the merits of the VanDykes' due process claim, defendants assert, plaintiffs have not adequately alleged personal participation of each defendant, and their due process claim premised on the Uniform Act fails as a matter of law. Because the court concludes that sovereign immunity applies and requires dismissal, it does not address the merits of the VanDykes' due process claim.

**A.      *Preclusion Grounds***

*Claim Splitting.* "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time *in the same court* and against the same defendant." *Mendoza v. Amalgamated Transit Union Int'l,* 30 F.4th 879, 886 (9th Cir. 2022) (quoting *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled in part on other grounds by*, *Taylor v. Sturgell,* 553 U.S. 880 (2008)) (citation modified, emphasis added). Defendants argue that this lawsuit involves the same dispute as the condemnation action filed in state court—the sufficiency of the prelitigation offer. Because that issue was resolved in the condemnation action through the VanDykes' *Singh* challenge, defendants assert, this duplicative action is improper. Not so.

---

[5]      "A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017).

Cases cited by defendants that have dismissed a second action for improper claim-splitting have done so when *both* actions are in federal court. *See Mendoza*, 30 F.4th at 885-86 (discussing that Medoza filed first action in state court and that it was removed to federal court; second case filed in federal court asserting similar claims against same defendants); *Adams*, 487 F.3d at 688 (discussing that first action filed in state court then removed to federal court, and that second action filed in federal court; second action dismissed as duplicative); *Henderson v. Bonaventura*, 649 F. App'x 639, 641 (9th Cir. 2016) (holding district court abused discretion in applying anti-claim-splitting doctrine where one complaint filed in state court and other in federal court); *Sanzaro v. Ardiente Homeowners Ass'n LLC*, 513 F. App'x 646, 647 (9th Cir. 2013) (holding district court improperly dismissed second suit as duplicative claim-splitting because cases were not filed in same court and did not include identical claims). Because the VanDykes' cases were not filed in the *same court*, claim-splitting does not apply.

*Rooker-Feldman*. The *Rooker-Feldman* doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Miroth v. County of Trinity*, 136 F.4th 1141, 1148-49 (9th Cir. 2025) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005)); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). When state proceedings are ongoing and a parallel federal action is filed, comity or abstention doctrines may apply, but *Rooker-Feldman* does not. *Exxon Mobile*, 544 U.S. at 284 (stating that *Rooker-Feldman* does not "supplant preclusion" doctrines or augment other doctrines relating to deference to state court actions). And after the state court action is complete, disposition of the federal action "would be governed by preclusion law." *Cogan v. Trabucco*, 114 F.4th 1054, 1065

(9th Cir. 2024) (quoting *Exxon Mobile*, 544 U.S. at 293)). Here, the VanDykes filed this lawsuit while the state court proceedings were ongoing, Hood River County Circuit Court has since entered judgment, and the VanDykes have appealed that judgment to the Oregon Court of Appeals. As argued by the VanDykes, *Rooker-Feldman* does not bar this action.

### B.  Sovereign Immunity

The Eleventh Amendment generally bars lawsuits in federal court against nonconsenting states. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984). The Supreme Court recognized a limited exception to state sovereign immunity in *Ex parte Young*, 209 U.S. 123 (1908). Under that exception, "plaintiffs can sue 'state officers in their official capacities for prospective declaratory or injunctive relief . . . for their alleged violations of federal law.'" *Forward, Inc. v. Macomber*, ___ F.4th ___, 2025 WL 4785110, at *2 (9th Cir. June 9, 2026) (amending 173 F.4th 1121) (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013)); *Planned Parenthood Great Nw. v. Labrador*, 122 F.4th 825, 842 (9th Cir. 2024). To avoid the Eleventh Amendment bar, the court conducts a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)).

Defendants argue that the Eleventh Amendment bars this suit because Oregon has not waived immunity,[6] and that *Ex parte Young* does not apply because the VanDykes are not seeking

---

[6]   *See Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001) (recognizing that Congress did not waive sovereign immunity when enacting 42 U.S.C. § 1983).

relief that is "*truly* prospective." (MTD, ECF 7 at 8.) According to defendants, the VanDykes are challenging the prelitigation offer ODOT made before they started the condemnation action. Because the prelitigation offer was made several years ago, was found adequate by Hood River Circuit Court, and is on appeal, in defendants' view, this lawsuit seeks to remedy past conduct. In other words, defendants argue that the VanDykes have not identified an ongoing violation of federal law that could be remedied by an order from this court. For those reasons, defendants argue that *Ex parte Young* does not apply and this lawsuit is barred by the Eleventh Amendment.[7] The court agrees.

The VanDykes' argument that *Ex parte Young* applies here is unavailing. In their complaint, the VanDykes ask this court to enjoin the condemnation action, to declare that the Uniform Act requires defendants to make a new prelitigation offer, and to issue a new offer of just compensation. (Comp. at 17-18.) That injunctive and declaratory relief, however, fails to identify an ongoing violation of federal law. They do not seek to enjoin defendants' acquisition of the driveway or ask the court to declare that defendants' acquisition is not in the public interest. At bottom, the VanDykes seek additional compensation by way of a new prelitigation

---

[7]    The VanDykes also contend that even if *Ex parte Young* does not apply here, defendants should not be immune because they are not entitled to "qualified immunity if their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" (Pls.' Resp., ECF 11 at 15.) Because sovereign immunity goes to the court's subject matter jurisdiction to hear this case, and qualified immunity speaks to the merits, the court declines to address this argument. *See Verizon Md.*, 535 U.S. 635, 645-46 (holding that "the inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim").

Page 11 – OPINION AND ORDER
*VanDyke v. Windsheimer*, 3:25-cv-01488-AR

offer. Put simply, the VanDykes seek to rectify a past violation of federal law caused by a discrete past action.

In their responsive briefing, the VanDykes acknowledge that their relief is premised solely on the alleged violation of the Uniform Act in connection with the prelitigation offer and suggest that entry of judgment could render their requested relief retrospective. (Pls.' Resp., ECF 11 at 15 (stating that is that if judgment is entered in the condemnation action, "this court will need to evaluate the terms of that judgment and the impact, if any, on [their] prospective claims").) Because the VanDykes do not seek prospective relief for an ongoing violation of federal law, *Ex parte Young* does not apply, and defendants are immune from suit. Accordingly, this court lacks subject matter jurisdiction, and this action must be dismissed. *Pennhurst*, 465 U.S. at 100-101 (holding that relief sought against a state officer is against the state if the judgment would operate against the state).

Because the VanDykes may be able to cure the jurisdictional defect by alleging additional facts that identify an ongoing violation of federal law, leave to amend is appropriate.

## CONCLUSION

For the above reasons, defendants' motion for judicial notice (ECF 24) is GRANTED and their motion to dismiss (ECF 7) is GRANTED with leave to amend. An amended complaint, if any, is due within 14 days.

DATED: June 12, 2026.

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 12 – OPINION AND ORDER
*VanDyke v. Windsheimer*, 3:25-cv-01488-AR